# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ENVIRONMENTAL INTEGRITY PROJECT<br>1000 Vermont Ave. NW, Suite 1100<br>Washington, DC 20005,<br><br>CLEAN WATER ACTION<br>1444 I Street NW, Suite 400<br>Washington, DC 20005,<br><br>ENVIRONMENT AMERICA<br>1543 Wazee Street, Suite 410<br>Denver, CO 80202,<br><br>NORTHWEST ENVIRONMENTAL<br>ADVOCATES<br>P.O. Box 12187<br>Portland, OR 97212,<br><br>       *Plaintiffs*,<br><br>   v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460,<br><br>       *Defendant*. | Civil Action No. 18-796<br><br>**COMPLAINT FOR**<br>**DECLARATORY AND**<br>**INJUNCTIVE RELIEF** |

## STATEMENT OF THE CASE

1. With this action, Plaintiffs Environmental Integrity Project, Clean Water Action, Environment America, and Northwest Environmental Advocates (collectively "Plaintiffs") seek declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by Defendant United States Environmental Protection Agency (EPA or "Defendant") for failing to respond to Plaintiffs' FOIA request in a timely manner and improperly withholding non-exempt records requested by Plaintiffs.

1

2. On February 5, 2018, Plaintiffs submitted a FOIA request to EPA, seeking records related to meetings attended by EPA Administrator Scott Pruitt to discuss the proposed repeal and changes to the "Waters of the United States" (WOTUS) rule. Given Plaintiffs' long interest in, advocacy for, and participation in the rulemaking at issue, Plaintiffs sought to better understand the agency's decision to repeal and change the rule by requesting records related to Administrator Pruitt's several dozen meetings regarding such proposed repeal and changes.

3. EPA's failure to comply with its duties under FOIA to respond and release documents in a timely manner has harmed and will continue to harm Plaintiffs, as it has impaired Plaintiffs' ability to better understand the agency's proposed decision to repeal and change the Waters of the United States rule and to fulfill Plaintiffs' missions as they relate to the rule.

## JURISDICTION AND VENUE

4. This action arises under FOIA's citizen suit provision. 5 U.S.C. § 552(a)(4)(B).

5. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7. Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court may award Plaintiffs declaratory judgment, provide injunctive relief, and grant other equitable relief as the Court may deem just and proper.

8. This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

9. Plaintiff Environmental Integrity Project (EIP) is a national nonprofit organization existing and organized under the laws of the District of Columbia. EIP is dedicated to

advocating for more effective enforcement of environmental laws. EIP has three primary goals: (1) to provide objective analyses of how the failure to enforce or implement environmental laws increases pollution and affects public health; (2) to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and (3) to help local communities obtain the protection of environmental laws. Consistent with its mission, EIP submits FOIA requests from time to time for records regarding EPA agency matters, such as compliance assurance, enforcement, and EPA rulemaking and policy.

10. Plaintiff Clean Water Action (CWA) is a nonpartisan, nonprofit organization incorporated under the laws of the District of Columbia, and has more than 700,000 members nationwide. CWA's mission includes the prevention of pollution in the nation's waters, protection of natural resources, and creation of environmentally-safe jobs and businesses. CWA has continuously worked to strengthen and preserve key drinking water protections and protect small streams and wetlands. With over one million members, volunteers, and seasoned professional staff, CWA has led hundreds of successful campaigns in dozens of states around the country.

11. Plaintiff Environment America is a national environmental organization that advocates for clean air, clean water, conservation, clean energy, and protecting the planet from global warming pollution. With members and supporters across the country, Environment America has worked for years to strengthen federal environmental protections. In particular, the Clean Water Rule, which restored Clean Water Act protections to half of our nation's streams and many wetlands, has been a major priority for the organization. Moreover, the organization regularly brings citizens' suits under the Clean Water Act to halt illegal discharges of pollution into our waterways. Accordingly, the organization has a significant interest in transparency and

accountability of EPA communications and decision-making regarding the Clean Water Rule or matters related to the jurisdiction of the Clean Water Act.

12. Plaintiff Northwest Environmental Advocates (NWEA) is a nonprofit entity organized under Section 501(c)(3) of the Internal Revenue Code, with its principal place of business in Portland, Oregon. Founded in 1969, NWEA has actively worked for over 30 years to protect and restore water quality and fish habitat in the Northwest and beyond. NWEA employs community organizing, strategic partnerships, public records requests, information sharing, advocacy with administrative agencies, lobbying, and litigation to ensure better implementation and enforcement of the laws that preserve the natural environment and protect water quality. NWEA also provides advice and information to many environmental organizations across the country. It has repeatedly proven itself a leader in protecting water quality and endangered aquatic species, and actively participates in many state and federal agency actions that affect water quality in the Northwest and across the nation.

13. Defendant EPA is a government agency responsible for protecting human health and the environment.  Defendant has possession, custody, and control of records to which Plaintiffs seek access and the statutory duty to respond to Plaintiffs' FOIA request in a timely manner and not to withhold the records improperly.  Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, D.C. 20460.

## LEGAL BACKGROUND

14. FOIA requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i).

15. In "unusual circumstances" the agency may extend the 20-working-day time limit by written notice, which must include "the date on which a determination is expected to be dispatched." Except as provided under 5 U.S.C. § 552(a)(6)(B)(ii), this extension notice may not "specify a date that would result in an extension for more than ten working days." 5 U.S.C. § 552(a)(6)(B)(i).

16. FOIA provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ." 5 U.S.C. § 552(a)(6)(C)(i).

17. FOIA requires that an agency shall "withhold information under this section only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption" set out under 5 U.S.C. § 552(b) or if "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A).

## FACTUAL BACKGROUND

18. On February 5, 2018, EIP submitted a FOIA request on behalf of Plaintiffs to Defendant through the FOIAonline portal. *See* Ex. A.

19. Plaintiffs' request pertained to the several dozen "roundtable" meetings that EPA Administrator Scott Pruitt held and attended to discuss EPA's proposed repeal and changes to the WOTUS rule. Plaintiffs requested any and all records related to these meetings, including communications between EPA and third parties regarding the meetings; materials presented by and to EPA at the meetings, in advance, or afterward; the identity or speakers and attendees at the meetings; remarks prepared for the Administrator; video or photographic evidence of the meetings; requests by third parties to participate in the meetings; and minutes or summaries of

the meetings. *Id.* at 1-2. This request included an offer to clarify and/or narrow the scope of Plaintiffs' FOIA request.

20. EPA confirmed that it received the request on February 5, 2018, and assigned it FOIA Tracking Number EPA-HQ-2018-004127. *See* Ex. B.

21. On March 14, 2018, Plaintiffs' attorney Sylvia Lam contacted EPA by emailing attorney-advisor Jonathan Newton to inquire "whether and when EPA will respond to FOIA request EPA-HQ-2018-004127." *See* Ex. C. Ms. Lam invited EPA to contact Plaintiffs if it needed clarification regarding the scope or subject matter of the FOIA request. *See id.*

22. On March 21, 2018, Plaintiffs' attorney Sylvia Lam again contacted EPA by emailing attorney-advisor Jonathan Newton to make the same inquiry as to "whether and when EPA will respond to FOIA request EPA-HQ-2018-004127." *See* Ex. D. Ms. Lam repeated her invitation to provide clarification regarding the scope or subject matter of the FOIA request. *Id.* On March 22, 2018, Mr. Newton replied by email informing Ms. Lam that the FOIA request had been assigned to attorney-advisor Victor Farren. *See id.*

23. On March 22, 2018, Plaintiffs' attorney Sylvia Lam contacted EPA attorney-advisor Victor Farren to make the same inquiry as to "whether and when EPA will respond to FOIA request EPA-HQ-2018-004127." *See* Ex. E. Ms. Lam repeated her invitation to provide clarification regarding the scope or subject matter of the FOIA request. *Id.* On March 23, 2018, EPA attorney-advisor Victor Farren replied to the email sent by Plaintiffs' attorney Sylvia Lam by stating that EPA is "currently in the process of identifying custodians who may have responsive records . . . [and once it has] identified the proper parties [it] can begin to gather documents." *Id.* In addition, Mr. Farren indicated that based on the average processing time for complex FOIA requests processed by the Office of Administrator (388 working days), EPA

would respond by August 20, 2019. *Id.* However, Mr. Farren was unable to convey whether EPA would be able to respond or provide a more definite timeframe for its response. The speculated timeframe for response offered by EPA is unreasonable given that the records are pertinent to EPA's impending actions to repeal and replace the WOTUS rule.

24. More than 30 working days have passed since the submittal of the request without EPA making a determination as to whether or when it would respond to Plaintiffs' FOIA request.

25. More than 30 working days have passed since the submittal of the request without EPA seeking either an extension of the deadline or clarification of the request, and without EPA asking Plaintiffs to narrow the scope or subject matter of the request.

26. As of the filing of this Complaint, EPA has not responded to this request, nor provided any notice, in writing or otherwise, for an extension of the response deadline, for clarification of the request, or for Plaintiffs to narrow the scope or subject matter of the request.

27. As of April 9, 2018, the FOIAonline website continues to list the request phase as "Assignment," with an "Estimated Date of Completion" of March 7, 2018, and a "Final Disposition" of "Undetermined." *See* Ex. F.

**FIRST CLAIM FOR RELIEF**

**VIOLATION OF 5 U.S.C. § 552(a)(6)(A)-(B)**
**(Failure to Respond to Plaintiffs' FOIA Request within the Required Time)**

28. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

29. Upon receiving a FOIA request, EPA has a nondiscretionary duty to "determine within 20 [working] days . . . whether to comply with such request and shall immediately notify the person making such request" of its "determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i).

30. FOIA provides that, in "unusual circumstances," an agency may obtain an extension of ten additional working days by providing written notice to the requester setting forth the unusual circumstances for the extension. 5 U.S.C. § 552(a)(6)(B)(i), (iii).

31. EPA has failed to provide a full response to Plaintiffs' FOIA request by the statutory deadline of 20 working days.

32. At no time prior to the expiration of the deadline of 20 working days or since then has EPA attempted to invoke—by written notice or through any other form of communication—the ten-working-day extension.

33. Defendant's failure to timely respond to Plaintiffs' FOIA request is a violation of the FOIA requirement that an agency "shall determine within 20 [working] days after the receipt of any such request whether to comply with such request" and "shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i), (B)(i)-(ii).

34. EPA's disregard of its duty to respond to Plaintiffs' request and release the records requested has harmed and will continue to harm Plaintiffs until EPA complies with FOIA.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF 5 U.S.C. § 552(a)(8), (a)(4)(B)
### (Agency Records Improperly Withheld)

35. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

36. An agency shall withhold information only if it falls within one of the FOIA exemptions under 5 U.S.C. § 552(b) or if disclosure is otherwise prohibited by law. 5 U.S.C. § 552(a)(8)(A).

37. Defendant's failure to timely respond to Plaintiffs' FOIA request and promptly produce non-exempt responsive records constitutes "agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

38. This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.*

39. EPA's improper withholding of the records requested by Plaintiffs has harmed and will continue to harm Plaintiffs until EPA complies with FOIA

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Declare Defendant's failure to timely respond to Plaintiffs' request and improper withholding of records to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B), (a)(4)(B), (a)(8);

B. Order Defendant to respond to Plaintiffs' February 5, 2018, FOIA request;

C. Order Defendant to immediately provide Plaintiffs with all non-exempt records responsive to Plaintiffs' FOIA request;

D. If EPA claims that any records or portions of records are exempt from disclosure, order Defendant to provide a reasonable basis for its claimed exemptions;

E. Award Plaintiffs costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E);

F. Retain jurisdiction to ensure compliance with the Court's order; and

G. Grant such other relief as the Court deems just and proper.

Respectfully submitted this 9th day of April, 2018.

        */s/ Sylvia Lam*
        SYLVIA LAM (D.C. Bar No. 1049147)
        Environmental Integrity Project
        1000 Vermont Ave. NW, Suite 1100
        Washington, DC 20005
        Phone: (202) 888-2701
        Fax: (202) 296-8822
        slam@environmentalintegrity.org

        *Attorney for Plaintiffs*